IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM CHESTER EAVES,
     Plaintiff,

vs.                                      Case No.:  3:05cv17/RV/EMT

SANTA ROSA COUNTY SHERIFF'S OFFICE,
SANTA ROSA COUNTY JAIL,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 14).  The filing fee has been paid (*see* Doc. 5).  For the reasons stated herein, dismissal of this cause of action is recommended.

     Plaintiff names two Defendants in this action, the Santa Rosa County Sheriff's Office ("Sheriff's Office") and the Santa Rosa County Jail ("Jail") (Doc. 14 at 1, 2).  Plaintiff claims that Defendants violated his rights under the United States Constitution by subjecting him, a pretrial detainee, to the same food and living conditions as convicted persons.

     Plaintiff, a state pre-trial detainee recently released from incarceration, filed this pro se civil rights complaint while still incarcerated at the Jail; therefore, the court must review his complaint to determine whether it is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.[1]  The court must read Plaintiff's pro se allegations in a liberal fashion.  Haines v.

---

[1] According to the online docket of the Circuit Court in and for Santa Rosa County, Florida, Plaintiff has apparently been released from custody, and is thus, at this stage of the litigation, no longer a "prisoner."  Nevertheless, this Court finds that it must still conduct a section 1915A screening, for two reasons.  First, Plaintiff was a prisoner at the time he filed this action.  Second, the suit was brought by Plaintiff in his capacity as a prisoner; that is, it advances his concerns about alleged unconstitutional conditions of confinement.  By finding that Plaintiff's suit must undergo a

Cornier, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Because the language of section 1915A tracks the language of Fed.R.Civ.P. 12(b)(6), Rule 12(b)(6) standards apply in determining whether a prisoner's claim is subject to dismissal under section 1915A.  *See* Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all facts set forth in the complaint as true.  *See* Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint fails to state a claim only when it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See* Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).

As noted *supra*, Plaintiff claims that Defendants violated his rights under the United States Constitution by subjecting him, a pretrial detainee, to the same food and unspecified living conditions as convicted persons.  At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571-72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).  Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions.  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).  The challenged condition must be "extreme."  *Id.* at 9, 112 S.Ct. at 1000.  While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very

---

section 1915A screening, this Court furthers a goal underlying the statute, namely, to control the flood of litigation brought against the country's prison systems.

> least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S.Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S.Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399.

Chandler, 379 F.3d at 1289-90. The objective prong is concerned with both the "severity" and the "duration" of the prisoner's exposure to the alleged unconstitutional condition. *Id.* at 1295. "[M]ere discomfort, without more, does not offend the Eighth Amendment." *Id.*

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S.Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S.Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S.Ct. at 1982-83.

Chandler, 379 F.3d at 1289-90.

In the instant case, despite having been advised of the Eighth Amendment standard in two orders to amend previously issued by this Court (*see* Docs. 6, 9), Plaintiff has failed to allege sufficient facts to satisfy the "objective component;" specifically, he has failed to state that the conditions of his confinement posed an unreasonable risk of serious harm.

Case No.: 3:05cv17/RV/EMT

Additionally, he has failed to allege sufficient facts showing that the Jail and Sheriff's Office were deliberately indifferent to an excessive risk of harm.  Plaintiff seeks to assert liability against the Jail and the Sheriff's Office on a respondeat superior theory of liability, despite having been advised that liability under this theory is not available under section 1983.  It is well established that "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory" for the actions of municipal employees.  *See* Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Municipal liability under section 1983 only exists when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers." *Id.* at 690, 436 U.S. 658, 98 S.Ct. 2018; *see also* Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir.2003) ("municipalities may be held liable for the execution of a governmental policy or custom"); Davis v. DeKalb County School Dist., 233 F.3d 1367, 1375 (11th Cir.2000) ("[R]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality' that is, acts which the municipality has officially sanctioned or ordered.") (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 478, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986)).

In the instant case, Plaintiff has alleged no facts indicating that the Sheriff's Office, the municipality operating the Jail, has "officially sanctioned or ordered" the conditions of which Plaintiff complains. Therefore, his claims should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be dismissed pursuant to pursuant to 28 U.S.C. § 1915A.

At Pensacola, Florida, this 29th day of June 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**